## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation | MDL No. 13-2441 (DWF/FLN) |
| This Document Relates to:<br><br>JEAN MURRAY,<br><br>Plaintiff,<br><br>vs.<br><br>HOWMEDICA OSTEONICS d/b/a STRYKER ORTHOPAEDICS, STRYKER CORP., STRYKER SALES CORPORATION and STRYKER IRELAND LIMITED,<br><br>Defendants. | **SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.      Plaintiff, Jean Murray_____, states and brings this civil action in MDL No. 2441, entitled *In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation.*   Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #10 dated January 23, 2014 of this Court.

### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff, Jean Murray_____, is a resident and citizen of the State of _Florida_____ and claims damages as set forth below.

3.      Venue of this case is appropriate in the United States District Court,

Middle _____ District of _Florida_____. Plaintiff states that but for the Order permitting directly filing into the District of Minnesota pursuant to Pretrial Order No. 4, Plaintiff would have filed in the United States District Court, Middle _____ District of _Florida____. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

4.    Plaintiff brings this action *[check the applicable designation]*:

_____ **x**    On behalf of himself/herself;

_____    In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

## FACTUAL ALLEGATIONS

Allegations as to    _Left_    Implant/Explant Surgery(ies):

5.    Plaintiff was implanted with a _Rejuvenate_ Modular hip stem on his/her _Left_ hip on or about _December 20, 2011_ at Leesburg Regional Medical Center 600 E. Dixie Ave., Leesburg, Florida 34748 _____ (medical center and address) by Dr. Samir C. Guru _____ .

6.    Plaintiff _had_____ the _Left_ hip stem at issue explanted on _May_____

2

<u>11</u>, <u>2013</u> at <u>Central Maine Medical Center, 300 Main Street, Lewiston, Maine 04240</u>

_____ (medical center and address) by Dr. <u>Michael Regan</u> _____.

## ALLEGATIONS AS TO INJURIES

7.    Plaintiff claims damages as a result of (check all that are applicable):

____**x**____        INJURY TO HERSELF/HIMSELF

_____        INJURY TO THE PERSON REPRESENTED

_____        WRONGFUL DEATH

_____        SURVIVORSHIP ACTION

_____        ECONOMIC LOSS

8.    Plaintiff has suffered injuries as a result of implantation of the Device at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

9.    Plaintiff has suffered injuries as a result of the explantation of the Device at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

10.    Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

11.    Plaintiff could not have known that the injuries he/she suffered were as a result of a defect in the Device at issue until after the date the Device was recalled from the market and the Plaintiff came to learn of the recall.

12.    In addition, Plaintiff could not have known that he/she was injured by excessive levels of chromium and cobalt until after the date he/she had his/her blood drawn and he/she was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device at issue.

**CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

13.    The following claims and allegations are asserted by Plaintiff and are herein adopted by reference (check all that are applicable):

    **✗**    COUNT I - NEGLIGENCE;

    **✗**    COUNT II - NEGLIGENCE PER SE;

    **✗**    COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

    **✗**    COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

    **✗**    COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

    **✗**    COUNT VI - BREACH OF EXPRESS WARRANTY;

    **✗**    COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

    **✗**    COUNT VIII - BREACH OF IMPLIED WARRANTIES;

    **✗**    COUNT IX - VIOLATION OF MINNESOTA DECEPTIVE ACTS AND PRACTICES, UNFAIR TRADE PRACTICES, CONSUMER PROTECTION, MERCHANDISING PRACTICES AND FALSE ADVERTISING ACTS

    **✗**    COUNT X – VIOLATION OF CONSUMER FRAUD AND/ OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

4

    **✗**    COUNT XI - NEGLIGENT MISREPRESENTATION

    **✗**    COUNT XII - LOSS OF CONSORTIUM

    **✗**    COUNT XIII – UNJUST ENRICHMENT

        COUNT XIV – WRONGFUL DEATH

In addition to the above, Plaintiff asserts the following additional causes of action under applicable state law:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Date: <u>06/05/2015</u>                          Respectfully submitted,


                                                 <u>/s/</u> Jacqueline A. Olson
                                                 Charles S. Zimmerman, Esq.
                                                 MN#120054
                                                 J. Gordon Rudd, Esq. MN#222082
                                                 Jacqueline A. Olson, Esq. MN#391848
                                                 ZIMMERMAN REED, PLLP
                                                 1100 IDS Center
                                                 80 South 8th Street
                                                 Minneapolis, MN 55402
                                                 Phone: (612) 341-0400
                                                 Facsimile: (612) 341-0844
                                                 charles.zimmerman@zimmreed.com
                                                 gordon.rudd@zimmreed.com
                                                 jacqueline.olson@zimmreed.com